**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 12-5016**

―――――――――

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOSE MANUEL-CALIXT MENDEZ,

                    Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Louise W. Flanagan,
District Judge.  (7:09-cr-00052-FL-1)

―――――――――

Submitted:  June 20, 2013               Decided:  July 11, 2013

―――――――――

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Thomas P. Belsky, Hamden, Connecticut, for Appellant.  Thomas G.
Walker, United States Attorney, Jennifer P. May-Parker, Joshua
L. Rogers, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Manuel-Calixt Mendez pleaded guilty, without a written agreement, to multiple charges arising from his participation in a large-scale cocaine and crack conspiracy. The pre-sentence report ("PSR") concluded that Mendez was responsible for 551.6 grams of cocaine base, 52 kilograms of cocaine, and 5,000 pounds of marijuana, which totaled a marijuana equivalency of 23,700 kilograms. See U.S. Sentencing Guidelines Manual ("USSG") (2009). The PSR also assigned a three-level increase based on Mendez's leadership role in the offense, USSG § 3B1.1(b), and a three-level downward adjustment based on acceptance of responsibility, USSG § 3E1.1(b), for a total offense level of 36. With a criminal history category of I, Mendez's recommended advisory Guidelines range was 188 to 235 months' imprisonment. The court originally sentenced Mendez to 210 months' imprisonment.

On appeal, we found that the district court plainly erred in failing to consider the factors listed in 18 U.S.C. § 3553(a) (2006) or to state on the record a basis for the sentence it imposed. Accordingly, Mendez's sentence was vacated and his case remanded for resentencing to allow the district court to conduct a proper § 3553(a) analysis and to provide a basis for the chosen sentence. See United States v. Mendez, No. 11-4095 (4th Cir. July 5, 2012) (unpublished). However, we

2

upheld the district court's calculation of drug quantity for which Mendez was held accountable and also the enhancement he received for his role in the offense.

On remand, the district court held another sentencing hearing in order to address the § 3553(a) factors, as directed by this court. After properly noting that it was foreclosed from revisiting Mendez's challenges to drug quantity calculations and his leadership enhancement, see United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (prohibiting relitigation of issues expressly or impliedly decided by the appellate court), the district court went on to discuss Mendez's background and history, reviewed the § 3553(a) factors, and imposed a 188-month sentence. Mendez noted a timely appeal, again arguing that his sentence is procedurally and substantively unreasonable.

This court reviews the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This standard of review involves two steps; under the first, this court examines the sentence for significant procedural errors, and under the second, we review the substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (examining Gall, 552 U.S. at 50-51). Significant procedural

3

errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. A sentencing court "must state in open court the particular reasons supporting its chosen sentence." United States v. Carter, 564 F.3d 325, 328 (internal quotation marks omitted) (4th Cir. 2009); see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). In so doing, the sentencing judge "must place on the record an 'individualized assessment' based on the particular facts of the case before it[,]" which "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. . . ." Carter, 564 F.3d at 328, 330. However, the sentencing court need not "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). If there are no significant procedural errors, this court then considers the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51.

Our review of the transcript of the sentencing hearing conducted on remand leads us to conclude that the district court carefully considered each of Mendez's arguments and properly addressed the § 3553(a) factors in choosing a sentence. The court specifically addressed Mendez's challenges to the drug quantity attributed to him. The court discussed its review of Mendez's personal and family information, his health history, education level, and employment history. The court then cited the factors under § 3553(a) that supported its decision to impose a 188-month sentence. We find that the district court made an individualized assessment and adequately explained the reasons why it rejected Mendez's arguments for a below-guidelines sentence as well as its reasons for the sentence it imposed. Moreover, Mendez cannot overcome the presumption of reasonableness accorded his within-Guidelines sentence. See United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED